# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 20-03037-CV-S-MDH |
| LEONARD WILLIAMS, | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Government's Petition to Determine Present Mental Condition of an Imprisoned Person. (Doc. 1). The Magistrate judge prepared a Report and Recommendation recommending that Defendant be committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246. The Report and Recommendation is hereby adopted and it is **ORDERED** that Defendant be committed pursuant to § 4246.

## BACKGROUND

The Report and Recommendation is incorporated herein. On October 11, 2013, Defendant was sentenced by District Judge Greg Kays of this Court to 72 months of imprisonment followed by three years of supervised release for the offense of Assaulting, Resisting and Impeding a Federal Officer. *See* Case No. 12-00263-01-CR-W-DGK. On January 8, 2018, he began his three-year term of supervised release. Within one month, Defendant allegedly violated four conditions of his release, leading to his arrest and the commencement of revocation proceedings. However, he was found incompetent to proceed and since May 20, 2019, he has been hospitalized for competency restoration treatment at the Medical Center for Federal Prisoners ("MCFP") in Springfield,

Missouri. On January 30, 2020, Judge Kays determined that Defendant remained incompetent to proceed and is "unlikely to regain competency in the foreseeable future." (Doc. 1-1 at 3.) As a result, pursuant to Section 4241(d), Defendant is subject to the provisions of § 4246.

I. **Expert Opinions**

   a. **The Risk Assessment Panel**

The Risk Assessment Panel diagnosed Defendant with the psychotic illness of schizophrenia. (Doc. 1-2 at 10.) His primary symptoms include disorganized thoughts and behaviors, auditory hallucinations and delusional beliefs. *Id*. He also "exhibits significant volatility of mood, which appears to be related to his delusional beliefs and auditory hallucinations." *Id*. His symptoms persist "despite a lengthy period of compliance with psychiatric medication" and "in the absence of any substance use." *Id*. Diagnoses were also assigned for borderline intellectual functioning and alcohol/stimulant use disorders, in a controlled environment. *Id*.

The panel discussed Defendant's risk of future violence, noting his "significant history of legal involvement" including six previous assault convictions along with incident reports for assaultive behaviors while detained. *Id*. at 5, 12. The panel highlighted the underlying offense, in which Defendant was dissatisfied then became threatening and assaultive towards federal employees at a Social Security Administration office. *Id*. at 12. They also observed that his psychotic symptoms are "likely to be exacerbated by any substance use." *Id*. at 5, 12. Other risk factors weighed by the panel include Defendant's lack of insight, history of instability in the community, history of noncompliance with treatment and history of noncompliance with supervision. *Id*. at 11, 12.

Notably, the panel found that Defendant "is often agitated and threatening and can be violent." *Id*. at 13. Specifically, his hallucinations and delusional beliefs cause him to become agitated, and he also becomes agitated when his delusional beliefs are questioned. *Id*.

Based on the foregoing, the panel concluded that Defendant is presently suffering from a mental disease, as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another. *Id*. at 14. Thus, the panel recommended his commitment under Section 4246. *Id*.

### b. Defendant's expert

On Defendant's request, Shawna Baron, Psy.D., Licensed Psychologist, conducted an additional psychological examination and prepared a report. (Doc. 11.) After a review of records and an interview, Dr. Baron diagnosed Defendant with schizophrenia, based on his chronic psychotic symptoms requiring multiple inpatient hospitalizations since 1987. *Id*. at 7. She found Defendant's "history of assaultive and aggressive behavior when his needs are not being met" is directly related to his paranoia and disorganization. *Id*. at 7. Considering this, along with Defendant's substance use issues, "poor insight into his mental illness and need for treatment" and the minimal social support available to him, Dr. Baron agreed with the Panel's recommendation that Defendant be committed under Section 4246. *Id*. at 7-8.

### II.  Evidentiary Hearing

On December 22, 2020, the Magistrate Judge conducted an evidentiary hearing via Zoom video conferencing. (Doc. 15.) Defendant appeared, as did his attorney, David Mercer, while the Government appeared by attorney Shane McCullough. (Doc. 16.) At the hearing, Defendant testified. *Id*. at 2. He stated he has "some mental illness … since 1990," but that he is "not fully dysfunctional." *Id*. at 3. Defendant also said that he has been taking medications designed to treat

mental illness for ten years, he does so voluntarily and will continue to do so. *Id*. at 4. However, he does "not really" think that the medications are helpful to him. *Id*. When asked if he would be a danger to other people if he was released, he testified, "I have no reason. No, I wouldn't be a danger." *Id*. at 5.

### III. Objection

Defendant, by counsel, excepts to the Report and Recommendation on that grounds that there is not clear and convincing evidence that Mr. Williams "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." (Doc. 18) (citing 18 U.S.C. § 4246). This Court disagrees. The Risk Assessment Panel and Dr. Baron both agree that Defendant suffers from schizophrenia, with symptoms including disorganized thought and behavior, hallucination, and paranoid delusional beliefs, which cause aggressive and assaultive behavior by Defendant. Defendant also has a history of violence, substance use issues, and "lack of insight as to his mental illness and need for treatment." (Doc. 17, 4). The clear and convincing standard is met here.

### CONCLUSION

The Report and Recommendation is adopted over Defendant's objection. It is **ORDERED** that Defendant be committed to the custody of the Attorney General in accordance with 18 U.S.C. § 4246(d).

**IT IS SO ORDERED.**

Dated: February 4, 2021  */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**